# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL BETZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNIVERSTIY OF PENNSYLVANIA** | : | **NO. 15-2005** |
| **HEALTH SYSTEMS** | : | |

### MEMORANDUM

**STENGEL, J.**                                                      **APRIL $\partial$ , 2015**

Plaintiff Michael Betz brings this action against the University of Pennsylvania Health Systems. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will dismiss the complaint for lack of subject matter jurisdiction without prejudice to plaintiff refiling his claims in state court.

### I.      FACTS

Plaintiff is totally disabled from leukemia, which is currently in remission. Since his diagnosis, he has been a patient of the University of Pennsylvania Health System. Plaintiff was scheduled for a doctor's appointment on April 27, 2012, to treat dizziness spells. When his mother called to confirm the appointment, she was told that the appointment was canceled and that plaintiff could come in on Tuesday of the following week. Plaintiff's mother informed the receptionist that plaintiff's condition had worsened and that he could not wait for medical care. Accordingly, she took plaintiff to the emergency room.

While plaintiff and his mother were on their way to the emergency room, plaintiff suffered a Gran Mal seizure and collapsed on the sidewalk. Plaintiff injured his mouth, lost a tooth, and required stitches. Plaintiff's mother contacted the defendant about the situation and was told that the hospital would pay for plaintiff's dental work and reimburse his mother for

three days of lost wages. However, according to plaintiff, the defendant reneged on its promise and now will not cover all of his dental work. Accordingly, plaintiff brought this lawsuit, claiming that his injuries were caused by the defendant's "delay of care and negligence," and seeking damages.

## II.    STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the complaint and dismiss it if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.    DISCUSSION

The Court cannot discern any plausible basis for a federal claim from the complaint. The fact that plaintiff receives social security disability payments does not provide a cause of action under federal law based on the defendant's alleged negligence. To the extent plaintiff is raising negligence and/or breach of contract claims under state law, the only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction

over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." However, as both parties are citizens of Pennsylvania, the Court cannot exercise diversity jurisdiction over this case. If plaintiff seeks to pursue his state law claims, he must proceed in state court.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice to him refiling his state law claims in state court. Plaintiff will not be given leave to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.